COOLEY LLP
REUBEN H. CHEN (228725)
(rchen@cooley.com)
ALEXANDRA DUNWORTH LEEPER (307310)
(aleeper@cooley.com)
ANGELA R. MADRIGAL (346530)
(amadrigal@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
*ELEMENTARY ROBOTICS, INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.,

Plaintiff,

v.

ELEMENTARY ROBOTICS, INC.,

Defendant.

Case No. 2:25-cv-08297-HDV-E

**DEFENDANT ELEMENTARY ROBOTICS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Judge: Hon. Hernán D. Vera
Courtroom: 5B
Date: February 5, 2026
Time: 10:00 a.m. PT

# TABLE OF CONTENTS

Page

I. THE COMPLAINT DOES NOT SATISFY *TWOMBLY/IQBAL* ..... 1
A. The Complaint Fails to Sufficiently Plead Infringement ..... 1
B. AIIA Fails to Plausibly Allege Pre-Suit Knowledge ..... 4
II. THE ’272 AND ’693 PATENTS ARE INVALID UNDER 35 U.S.C. § 101 ..... 5
A. Section 101 Challenges Are Appropriate at the Motion to Dismiss Stage ..... 5
B. The ’272 Patent Is Directed to an Abstract Idea and Does Not Claim a Technical Improvement or Inventive Concept ..... 6
C. The ’693 Patent Is Directed to an Abstract Idea and Does Not Claim a Technical Improvement or Inventive Concept ..... 8
III. THE CASE SHOULD BE DISMISSED WITH PREJUDICE ..... 9
IV. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AI Visualize v. Nuance Commc'ns*,
97 F.4th 1371 (Fed. Cir. 2024) ..... 6

*Anderson v. Kimberly-Clark*,
570 F. App'x 927 (Fed. Cir. 2014) ..... 2

*Apple v. Ameranth*,
842 F.3d 1229 (Fed. Cir. 2016) ..... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 2

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018) ..... 8

*Bluebonnet Internet Media Servs. v. Pandora Media*,
No. 2022-2215, 2024 WL 1338940 (Fed. Cir. Mar. 29, 2024) ..... 2, 8

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ..... 3, 4

*BSG Tech. v. Buyseasons*,
899 F.3d 1281 (Fed. Cir. 2018) ..... 8, 9

*Buckler v. Fox*,
No. 8:25-cv-00095-JWH-JDEx, Dkt. 45 (C.D. Cal. Aug. 4, 2025) ..... 10

*Cascades Branding Innovation LLC v. Aldi, Inc.*,
No. 2024-1729, 2025 WL 2731321 (Fed. Cir. Sep. 25, 2025) ..... 9

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
760 F. App'x 1013 (Fed. Cir. 2019) ..... 6

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017) ..... 6

*Coffelt v. NVIDIA*,
680 F. App'x 1010 (Fed. Cir. 2017) ..... 9

*Credit Acceptance v. Westlake Servs.*,
859 F.3d 1044 (Fed. Cir. 2017) ..... 7

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018) ..... 6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**


*Digitech Image Techs. v. Elecs. for Imaging*,
758 F.3d 1344 (Fed. Cir. 2014) ..... 9

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018) ..... 4

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ..... 10

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed. Cir. 2016) ..... 7, 9

*Erickson v. Pardus*,
551 U.S. 89 (2007) ..... 10

*Free Stream Media v. Alphonso*,
996 F.3d 1355 (Fed. Cir. 2021) ..... 6

*Glasswall Sols. Ltd. v. Clearswift Ltd.*,
754 F. App'x 996 (Fed. Cir. 2018) ..... 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016) ..... 5

*Illumina v. BGI Genomics*,
No. 19-CV-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5, 2020) ..... 5

*Int'l Bus. Machines v. Zillow Grp.*,
No. 2022-1861, 2024 WL 89642 (Fed. Cir. Jan. 9, 2024) ..... 8

*Int'l Bus. Machines v. Zillow Grp.*,
50 F.4th 1371 (Fed. Cir. 2022) ..... 7, 8, 9

*Longitude Licensing v. Apple Inc.*,
No. C-14-04275-EDL, 2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) ..... 4, 5

*Longitude Licensing v. Google*,
No. 2024-1202, 2025 WL 1249136 (Fed. Cir. Apr. 30, 2025) ..... 8

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
837 F.3d 1299 (Fed. Cir. 2016) ..... 7

*Mobile Acuity Ltd. v. Blippar Ltd.*,
110 F.4th 1280 (Fed. Cir. 2024) ..... 6, 8, 9

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018) ..... 3, 4

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Novitaz, Inc. v. inMarket Media, LLC*,
No. 16-CV-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) .............................. 2, 4

*Recentive Analytics v. Fox*,
134 F.4th 1205 (Fed. Cir. 2025) .............................. 7

*RecogniCorp v. Nintendo*,
855 F.3d 1322 (Fed. Cir. 2017) .............................. 8, 9

*SAP Am., Inc. v. InvestPic, LLC*,
898 F.3d 1161 (Fed. Cir. 2018) .............................. 6

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed. Cir. 2019) .............................. 7

*Trinity Info Media, LLC v. Covalent, Inc.*,
72 F.4th 1355 (Fed. Cir. 2023) .............................. 6

*Ultramercial v. Hulu*,
772 F.3d 709 (Fed. Cir. 2014) .............................. 8

*Voip-Pal.com, Inc. v. Apple Inc.*,
375 F.Supp.3d 1110 (N.D. Cal. 2019) .............................. 6

*Yu v. Apple Inc.*,
1 F.4th 1040 (Fed. Cir. 2021) .............................. 6

**Statutes**

35 U.S.C. § 101 .............................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .............................. 5

AIIA's First Amended Complaint (Dkt. 16) (the "FAC") and opposition disregard the facts and AIIA's pleading burden. AIIA must allege facts sufficient to put Elementary on notice and plausibly plead its infringement claims. Instead, the FAC alleges pages of falsehoods. AIIA misrepresents the material substance of *every single asserted claim*, as revealed by a comparison to the patents attached to the FAC. AIIA's numerous falsehoods must be rejected and cannot satisfy the requisite pleading standard. With respect to pre-suit knowledge, AIIA continues to disregard facts, for example, by mischaracterizing the contents of its June 2025 letter, which did *not* actually allege infringement. AIIA points to other "evidence" of Elementary's alleged pre-suit knowledge, all of which case law has held insufficient. Furthermore, the '272 and '693 patents are invalid under § 101 as they claim nothing more than abstract ideas implemented on generic computer technology to somehow achieve functional results. This is made clear by the claim language, specification, and even AIIA's opposition brief, which does not meaningfully engage with the substance of the asserted claims. AIIA's complaint should be dismissed with prejudice.

## I. THE COMPLAINT DOES NOT SATISFY *TWOMBLY/IQBAL*

### A. The Complaint Fails to Sufficiently Plead Infringement

The FAC does not allege facts sufficient to plausibly plead infringement. AIIA's opposition focuses on the size of the FAC and its Exhibit D. This entirely misses the point: it does not matter how big the FAC and Exhibit D are because they consist entirely of unsubstantiated "evidence" alleging infringement of fake claims, which differ materially from the actual claims.

Nowhere does AIIA accurately recite even one complete asserted claim. For example, the false version of claim 1 of the '693 patent in paragraph 24 of the FAC overlaps with the actual claim 1 language by only *28 words out of 238*. And the FAC's made-up claim does not merely paraphrase the true claim—it changes the substance completely. *See* Dkt. 22-4 at 44-45. The FAC's false claim 1 purports to be a system "for processing stereoscopic 3D video" comprising in part of a "processor [] coupled to the stereoscopic video capture device" and configured to obtain metadata (e.g., "field-of-view"), encode that data into a video file format, and decode/use it to compute "motion vectors" or perform other tasks. But multiple material, substantive concepts from this false claim—such as field-of-view metadata and computation of motion vectors—do not appear

anywhere in claim 1 of the ’693 patent, nor in any other asserted claim. Instead, actual ’693 claim 1 recites a system “for *recording* stereoscopic three-dimensional (3D) video” comprising in part of a “*computer store*” containing stereoscopic video feed along with a “*plurality of contemporaneous* metadata feeds” (e.g., “a time sequenced [] metadata”, “a calibration metadata”), and a “processor [] *coupled to the computer store*” and programmed to obtain the plurality of metadata feeds from the computer store and embed them into the video feed by encoding them “*into the subtitles or closed captioning* … such that the timing of the subtitle or closed captioning metadata conveys the timing of the metadata feeds.” *Id.* at 43-44. Critically, the material, substantive concepts of the true claim 1—e.g., a computer store of a plurality of metadata feeds coupled to a processor that encodes data specifically into the subtitles/closed captioning—are not recited in the false claim 1. *See Novitaz, Inc. v. inMarket Media, LLC*, No. 16-CV-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017) (failure to state claim where “a number of critical claim elements [were] not addressed”). Similar issues recur throughout the FAC and Exhibit D. *See, e.g.,* Dkt. 22-1 at 4-5 (listing exemplary missing claim limitations); *see also* Dkt. 22-4. Instead of alleging infringement of actual patent claims, AIIA has made up claims and recited those fake claims at great length.

These are not “minor,” “immaterial,” or “non-essential” differences, as AIIA inaccurately asserts. Dkt. 27 at 5-6. And, contrary to AIIA’s assertion (Dkt. 27 at 11), discrepancies in the claim language are highly relevant. AIIA cannot merely discard the true claim language through falsehoods belied by the patents themselves: the Court must accept only *well-pleaded* factual allegations as true and can (and should) reject unsupported and verifiably incorrect statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (“When there are *well-pleaded* factual allegations, a court should assume their veracity…” (emphasis added)); *Anderson v. Kimberly-Clark*, 570 F. App’x 927, 931-32 (Fed. Cir. 2014) (“[A] court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit … [n]or is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[.]” (cleaned up)); *see also Bluebonnet Internet Media Servs. v. Pandora Media*, No. 2022-2215, 2024 WL 1338940, at *2 (Fed. Cir. Mar. 29, 2024) (courts are not required to accept allegations that contradict the patent). Furthermore, because the claims define the entire scope of

the patent lawsuit, the "materiality of any given element to practicing the asserted claim(s)" is an important consideration that will inform the level of detail required in a given case. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Omitting, misquoting, and falsifying material claim limitations in a complaint is simply unacceptable and cannot be overlooked.[1]

Moreover, the FAC does not provide verifiable, well-supported descriptions of the accused VisionStream platform—and neither does Exhibit D.[2] Exhibit D purports to quote vague language from unspecified sources on "PRNewswire," "ElementaryML.com," and "ElementaryML Blog" but no URL or article title is provided for any of these to allow Elementary to confirm what the quotes are or what they refer to. Most of the "quotes" are vague and do not mention VisionStream. AIIA's opposition provides no explanation, so Elementary still does not know what many of these quotes are from, or if they are even about VisionStream. Given the vagueness and inadequate attribution of the quoted language, these quotes do not plausibly plead infringement—particularly not given that the FAC maps the quoted language to materially incorrect claim language.

AIIA's other arguments also fail. First, AIIA attempts to skirt its pleading burden by arguing that it provided, as attachments to the FAC, the asserted patents containing actual claim language (Dkt. 27 at 9). But Elementary is not required to figure out how to put all of AIIA's jumbled pieces together. AIIA has the burden of providing proper notice and plausible infringement allegations; merely attaching the patents is not enough. *Bot M8*, 4 F.4th at 1353 (to state "a plausible claim … [t]here must be some factual allegations that … articulate why it is plausible that the accused product infringes the patent claim."). Second, AIIA argues that identifying AIIA's falsehoods improperly raises a fact dispute. But the FAC attaches the patents (FAC, Exs. A-C): the Court can compare for itself the purported claim language in the FAC with the true claim language in the patents. Contrary to AIIA's assertion (Dkt. 27 at 10) and as explained above, the Court need not

[1] *Nalco* does not appear to support AIIA's proposition that "Courts routinely overlook [] non-substantive errors…" Dkt. 27 at 9 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). Even if so, *Nalco* is inapplicable here, since the errors in AIIA's FAC are substantive.

[2] AIIA incorrectly states that Exhibit D is supported in part by "screenshots." Dkt. 27 at 9. But Exhibit D does not include any screenshots. AIIA also claims that the "charts explain how the Accused Products' 3D cameras embed lens distortion and inertial data in real-time…" *Id.* at 10. But the columns in Exhibit D describing the accused product do not include the phrase "lens distortion" or any variation of the term "inertial." *See* FAC, Ex. D.

accept AIIA's demonstrably false departures from the claims merely because it included its fake claims in the FAC; the Court can reject these incorrect statements in light of the true patent claims.

Finally, AIIA cites to inapplicable case law. *Nalco* does not involve a *Twombly-Iqbal* issue (*see Nalco*, 883 F.3d at 1347) and instead involves issues that "read like classic *Markman* arguments" over claim interpretation and seek to have the court address genuine factual disputes that cannot be resolved by the pleadings and patents (*see id.* at 1349-50). The issue here is not claim interpretation; the claims as stated in the FAC are demonstrably fake. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) is also distinguishable, as it was sufficient for the "simple technology" (a spinal brace) at issue that the complaint identify the accused product and show infringement "by attaching photos." *Id.* at 1260. The issue here is not using images to allege infringement: it is AIIA's utter failure to allege infringement of real patent claims and to include well-supported allegations regarding VisionStream. Even bare recital of the (true) limitations of a patent claim falls short. *See Bot M8*, 4 F.4th at 1353 ("[P]laintiff cannot assert a plausible claim … by reciting the claim elements and merely concluding that the accused product has those elements."); *see also Novitaz*, 2017 WL 2311407, at *4 (neither parroting claim nor general description of accused product is sufficient). Thus, the Court should dismiss the FAC in its entirety.

### B. AIIA Fails to Plausibly Allege Pre-Suit Knowledge

An independent ground for dismissal of indirect and willful infringement is AIIA's failure to plead pre-suit knowledge. *See* Dkt. 22-1 at 6-7. The three bases that AIIA points to in opposition (Dkt. 27 at 12) are legally insufficient. First, although not actually present in the paragraphs of the FAC cited by AIIA[3], AIIA's opposition points to Elementary's general "industry participation" and, without citing any caselaw, asserts that "Courts routinely find that such industry participation supports an inference of patent knowledge." Dkt. 27 at 12. To the contrary, the case law is clear that "barebone[] allegation[s] of direct knowledge, and vague allegations of constructive knowledge based on participation in the same market, are insufficient." *Longitude Licensing v.*

[3] AIIA cites to FAC ¶¶ 26-28, but those paragraphs do not allege industry participation.

*Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *3 (N.D. Cal. Mar. 13, 2015).[4]

Second, AIIA in opposition points to "patent monitoring," citing inapposite paragraphs in its FAC and making unsupported assertions not found in the FAC (e.g., regarding the alleged "prominence" of the asserted patents). But, as Elementary explained before[5] and AIIA failed to rebut, "merely stating that [a party] regularly monitors [IP] in fields related to its products will not suffice to state a claim of knowledge for the purposes of willful or induced infringement." *Illumina v. BGI Genomics*, No. 19-CV-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020).

Third, and again citing to inapplicable paragraphs of the FAC[6], AIIA points to its "June 2025 Notice Letter" and misstates the facts, wrongly alleging that the letter "specifically identif[ies] the asserted patents and explain[s] how VisionStream infringes." Dkt. 27 at 12. The letter does not identify all three asserted patents and does not "explain" infringement by VisionStream. *See* FAC, Ex. E. The letter does not even use the word "infringement" or "VisionStream" at all, and never lists all patents included in AIIA's portfolio. *See id.* "If interpreted as an allegation that [defendant] had knowledge of [plaintiff's] patent portfolio generally, this is insufficient to allege [] pre-lawsuit knowledge of the specific patents-in-suit." *Longitude*, 2015 WL 1143071, at *2.

Finally, AIIA argues that, for its willfulness claims, post-filing willfulness suffices. Again, AIIA does not cite any support for this allegation. To the contrary, courts have found that "[c]laims of willful patent infringement require an allegation that the defendant had knowledge of the asserted patents *and* its alleged infringement of those patents *before the lawsuit was filed*." *Id.* (emphasis added). Thus, as supported by case law, AIIA's claims of indirect and willful infringement fail.

## II. THE '272 AND '693 PATENTS ARE INVALID UNDER 35 U.S.C. § 101

### A. Section 101 Challenges Are Appropriate at the Motion to Dismiss Stage

The Federal Circuit has "repeatedly recognized" that "it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion," even before claim construction

---

[4] To the extent AIIA implies this is no longer good law in light of *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016): the cited conclusion in *Longitude* has not been overruled or put into question by *Halo*.

[5] This reply brief will be the *third* time that Elementary puts AIIA on notice that allegations of patent monitoring are insufficient. *See also* Dkt. 22-3 at 5-6, 16; Dkt. 22-1 at 7.

[6] AIIA cites FAC ¶¶ 32-35, but the only time the FAC mentions a letter is in one sentence in ¶ 3.

and discovery. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1289-90 (Fed. Cir. 2024); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1359-60 (Fed. Cir. 2017); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1007 (Fed. Cir. 2018); *Voip-Pal.com, Inc. v. Apple Inc.*, 375 F.Supp.3d 1110, 1124 (N.D. Cal. 2019); *see also Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360-61 (Fed. Cir. 2023) ("patentee must do more than invoke a generic need for claim construction or discovery to avoid [dismissal]"). Although *Alice* Step 2 "can include subsidiary questions of fact," none has been identified in this case, and in any event, "[s]uch factual issues may be resolved on the pleadings 'based on the sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice.'" *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 760 F. App'x 1013, 1018-19 (Fed. Cir. 2019) (affirming dismissal where intrinsic evidence confirmed conventionality of claims).

### B. The '272 Patent Is Directed to an Abstract Idea and Does Not Claim a Technical Improvement or Inventive Concept

The parties agree that claim 17 of the '272 patent is representative (Dkt. 22-1 at 9; Dkt. 27 at 13). Claim 17 is directed to unpatentable subject matter. At *Alice* Step 1, claim 17 is directed to the abstract idea of storing and creating image data. Dkt. 22-1 at 9-13. AIIA does not dispute that claim 17 is generally directed to these concepts, does not address Elementary's analogies, and does not attempt to distinguish cases that Elementary cites finding similar claims abstract.[7] *See, e.g.*, *AI Visualize v. Nuance Commc'ns*, 97 F.4th 1371 (Fed. Cir. 2024).

Instead, AIIA argues that the claims "specify particular techniques"/"technical methods" for the creation of images, to be used as training data to "improve[] machine learning model accuracy." Dkt. 27 at 13-14. But the claimed "techniques" and their use in a training dataset cannot save the claims. For one, AIIA's alleged solution of using "randomized algorithms" (Dkt. 27 at 15) does not appear in claim 17 and, thus, is not to be considered. *See Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021) (focus of § 101 inquiry is "on the language of the asserted claims themselves"); *Free Stream Media v. Alphonso*, 996 F.3d 1355, 1364-65 (Fed. Cir. 2021) (claim is directed to an abstract idea where there is nothing in the claims that demonstrate an improvement

[7] AIIA attempts to distinguish one case (*SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018)), which Elementary does not cite for its § 101 argument with respect to the '272 patent.

to computer functionality, even where the specification provides details). Additionally, AIIA's alleged solution to more effectively generate images by using "3D rendering engines to simulate real-world variations (e.g., lighting, defects) with automatic labeling, enabling efficient AI training without manual data collection" (Dkt. 27 at 14) is exactly as it sounds—applying manual image-generation and -labeling concepts on a computer. Even if more efficient to do on a computer than by hand, "mere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology." *Credit Acceptance v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017); *see also Recentive Analytics v. Fox*, 134 F.4th 1205, 1216 (Fed. Cir. 2025) (generic machine learning does not save claims from abstraction); *Int'l Bus. Machines v. Zillow Grp.*, 50 F.4th 1371, 1380 (Fed. Cir. 2022) ("While the claimed methods may speed up [] process by using a computer, they do not recite an improvement in any computing technology.").

AIIA's cases are easily distinguishable, and even AIIA does little to explain their supposed applicability. As AIIA notes, the human mind is not equipped to carry out the steps recited in the claims in *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295 (Fed. Cir. 2019), while AIIA admits that the claims here "simulate real-world variations" (Dkt. 27 at 14). The claims in *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016) and *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016) also involved specific improvements to the way that computers operate, in contrast to merely applying manual processes using generic computers and concepts (e.g., machine learning), as the '272 patent does. *See supra*; *see also* Dkt. 22-1 at 12-15.

At Step 2, Elementary has already explained in detail how the claims recite no inventive concept. Dkt. 22-1 at 13-15. AIIA's two-sentence rebuttal (Dkt. 27 at 15) largely repeats its arguments from Step 1 and does nothing to change that conclusion. "Randomization" is not claimed and combining 3D modeling and labeling in the ways recited in the claims are non-inventive. Dkt. 22-1 at 14-15. A reading of the '272 patent specification[8] also confirms that the claims recite no inventive concept—at most, the specification suggests abstract improvements to the efficiency of generating images via the use of generic computers and conventional steps (*see*, *e.g.*, FAC, Ex. A

---

[8] AIIA alleges that the specification of the '272 describes how the claimed invention overcomes prior art limitations but does not cite to any specific part of the patent.

at 3:50-62), which is not captured in the claims and cannot serve as the inventive concept in any case. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369-70 (Fed. Cir. 2018) (explaining that an inventive concept must be "captured in the claims" and invalidating claims that did not recite the purported inventive concept of improving efficiency by reducing redundancy); *BSG Tech. v. Buyseasons*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) (abstract ideas cannot supply the inventive concept); *see also Zillow*, 50 F.4th at 1380 (no improvement in computing technology, although the claimed method may speed up the process by using a computer). The Court need not accept as true AIIA's conclusory statements of inventiveness. *Bluebonnet*, 2024 WL 1338940, at *2; *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, No. 2022-1861, 2024 WL 89642, at *4 (Fed. Cir. Jan. 9, 2024); *Glasswall Sols. Ltd. v. Clearswift Ltd.*, 754 F. App'x 996, 999 (Fed. Cir. 2018). The Court should find that the '272 claims are patent ineligible.

### C. The '693 Patent Is Directed to an Abstract Idea and Does Not Claim a Technical Improvement or Inventive Concept

Claim 11 of the '693 patent, which the parties agree is representative for purposes of § 101 (Dkt. 22-1 at 15; Dkt. 27 at 15), is directed to unpatentable subject matter. Claim 11 recites "[a] computerized system for displaying stereoscopic [] (3D) video recorded on a stereoscopic camera device" and involves embedding metadata into the video files, storing the video data, and using the embedded metadata for calibration during playback. FAC, Ex. B, cl. 11; *see also* Dkt. 27 at 15. Focusing on the heart of the claims, as required at *Alice* Step 1 (*Ultramercial v. Hulu*, 772 F.3d 709, 714 (Fed. Cir. 2014)), claim 11 is directed to the abstract ideas of collecting, storing, manipulating, analyzing, and displaying information. *See*, *e.g.*, *Mobile Acuity*, 110 F.4th at 1292 (claims directed to "receiving information, associating information with images, comparing the images, and presenting information based on that comparison" were abstract); *Longitude Licensing v. Google*, No. 2024-1202, 2025 WL 1249136, at *1-2 (Fed. Cir. Apr. 30, 2025) (claims directed to digital image correction techniques on a computer encompassed the abstract ideas of organizing, altering, or manipulating data); *RecogniCorp v. Nintendo*, 855 F.3d 1322, 1324 (Fed. Cir. 2017) (finding ineligible claims "directed to the abstract idea of encoding and decoding image data"); *Coffelt v. NVIDIA*, 680 F. App'x 1010, 1011 (Fed. Cir. 2017) (claims involving analysis of image

data were abstract); *Digitech Image Techs. v. Elecs. for Imaging*, 758 F.3d 1344, 1348 (Fed. Cir. 2014) (finding claims ineligible despite argument that claimed invention was integral part of calibration of device in digital image processing system).[9]

AIIA argues that the '693 claims provide a "technical solution for ensuring accurate stereoscopic display without external calibration" (Dkt. 27 at 15) and "improve[] video processing technology by enabling real-time synchronization…" But, focusing on the claim language as required, the recited "solution" is just the general concepts of embedding, extracting, and using metadata—which, as described above, are abstract. Furthermore, the claims merely recite functional results (e.g., embed, encode, calibrate) with no specific manner to accomplish these functions. This results-oriented language dissociated from any method by which the results are accomplished is abstract. *See Apple v. Ameranth*, 842 F.3d 1229, 1244 (Fed. Cir. 2016); *Zillow*, 50 F.4th at 1378. For these reasons, representative claim 11 (applying abstract concepts to generic computers) is different from those at issue in *Enfish*, 822 F.3d 1327, which recited a specific improvement in the way computers operate involving a logical table and a multi-step algorithm. The language of claim 11 does not plausibly support any technical improvement, but rather confirms its abstract nature.

At Step 2, AIIA argues that "the ordered combination of embedding/extraction adds an inventive concept." But embedding/extraction of data cannot serve as the inventive concept as a matter of law, because that is abstract. *See RecogniCorp*, 855 F.3d at 1324; *BSG*, 899 F.3d at 1290; Dkt. 22-1 at 17-18. Thus, there is no factual issue and the patent is ineligible.

**III. THE CASE SHOULD BE DISMISSED WITH PREJUDICE**

Dismissal with prejudice is warranted. As for § 101, dismissal with prejudice of the '272 and '693 patents is proper because if a claim is not patent eligible, "no amendment to the pleadings could plausibly allege otherwise." *Cascades Branding Innovation LLC v. Aldi, Inc.*, No. 2024-1729, 2025 WL 2731321, at *4 (Fed. Cir. Sep. 25, 2025); *see also Mobile Acuity*, 110 F.4th at 1295.

As for *Twombly-Iqbal*, AIIA's pattern of pleading shows that amendment would be futile. Before AIIA filed the FAC, Elementary sent AIIA a letter (Dkt. 22-3) detailing numerous

[9] Again here, AIIA does not attempt to distinguish Elementary's cited cases.

deficiencies in the original complaint—including inadequate factual support, misrepresentations, and inaccuracies. Instead of curing these problems, the FAC made them worse. Elementary's motion to dismiss raised similar issues, and AIIA continues to repeat its errors in its opposition. AIIA has even mischaracterized its own errors and deficiencies, falsely claiming that: (1) Exhibit D is supported by screenshots and explains how VisionStream embeds lens distortion and inertial data; (2) misquotes are "minor" and "immaterial;" and (3) the FAC recites "actual claim elements" correctly—even though none of that is true. Dkt. 27 at 5-6, 8-11. AIIA's opposition cites to paragraphs of the FAC as supposedly including allegations that are not actually in the cited paragraphs. *Id.* at 12. AIIA also continues to misstate facts, falsely alleging that AIIA competes with Elementary for the same customers (its own June 2025 letter explains that AIIA is a "membership organization," not a company with a product), and that its June 2025 letter explains how VisionStream infringes (the letter has no infringement allegations). *Id.*

*Buckler v. Fox* supports dismissal with prejudice. Dkt. 22-5, No. 8:25-cv-00095-JWH-JDEx, Dkt. 45 (C.D. Cal. Aug. 4, 2025). There, as here, plaintiff was on notice of deficiencies in its complaint, filed a FAC that was still inadequate, then unsuccessfully attempted to refute the motion to dismiss.[10] This is not a situation in which "justice so requires" that leave shall be given. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).[11] Instead, in this case, justice calls for dismissal with prejudice.

## IV. CONCLUSION

Elementary respectfully requests that the case be dismissed in its entirety with prejudice.

---

[10] As AIIA mentioned, Buckler involved a pro se plaintiff. AIIA is represented by counsel and, as AIIA knows from its own cited case, its complaint should thus be held to a *higher* standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]").

[11] The outcome in *Eminence* is distinguishable in that plaintiff could not be said to have had multiple "bites at the apple" because it had not filed multiple pleadings realleging theories in an attempt to cure deficiencies. Instead, plaintiff's FAC included additional theories *not* previously alleged, and the plaintiff was endeavoring in good faith to meet the pleading requirements and had a reasonable chance of stating a claim. *Eminence*, 316 F.3d at 1053. Here, the circumstances show otherwise.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Elementary Robotics, Inc., certifies that this brief contains 4,183 words, which complies with the word limit of L.R. 11-6.1, and does not exceed ten (10) pages, which complies with Judge Vera's standing order.

Dated: January 22, 2026

Respectfully submitted,

COOLEY LLP

By: /s/ Alexandra Leeper
Alexandra Leeper

REUBEN H. CHEN (228725)
(rchen@cooley.com)
ALEXANDRA DUNWORTH LEEPER (307310)
(aleeper@cooley.com)
ANGELA R. MADRIGAL (346530)
(amadrigal@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
*ELEMENTARY ROBOTICS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I caused a copy of the foregoing document to be filed with the Clerk of the Court using CM/ECF which will send notification of such filing to all counsel of record.

/s/ Alexandra Leeper
Alexandra Leeper